UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEIBERT JESUS JIMENEZ QUEVEDO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LaROSE; MARKWAYNE MULLIN; TODD LYONS; and TODD BLANCHE,<br><br>Respondents. | Case No.: 3:26-cv-3211-JES-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Cleibert Jesus Jimenez Quevedo's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 3), Respondents filed a return to the petition. ECF No. 4.

Petitioner is a native of Venezuela who came to the United States on March 2, 2024, through the CBP One appointment process. ECF No. 1 ¶ 25. He was permitted at that time to enter the United States though parole that was valid through March 2, 2026. *Id.* ¶ 26; *see also* ECF No. 1-2. After his admission to the United States, he alleges that he lived in the community and complied with all the terms of his immigration release. ECF No. 1 ¶ 27.

1

On March 16, 2026, Petitioner was arrested at a trolley station in San Diego, and was detained by Immigration and Customs Enforcement at Otay Mesa Detention Center, where he currently remains. *Id.* ¶¶ 28-30. He alleges that prior to his re-detention, he was never provided any notice or opportunity to be heard regarding an individualized determination of custody. *Id.* ¶¶ 31-33.

In their return, Respondents acknowledge that Petitioner had previously been released on parole, and courts have routinely held that such petitioners are not mandatorily detained under 8 U.S.C. § 1225(b). ECF No. 4 at 1-2 (citing multiple cases so holding). As such, Respondents state that "this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable for purposes of the Court's decision" and that they "defer to the Court as to the appropriate relief." *Id.* at 2.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government in March 2024. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Totskii v. LaRose*, No. 26-CV-1053-JES-JLB, 2026 WL 905331 (S.D. Cal. Apr. 2, 2026); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **June 5, 2026**, confirming that Petitioner has been released.

//

//

//

//

2

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: May 29, 2026

Honorable James E. Simmons Jr.
United States District Judge